UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PURZEL VIDEO GmbH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13 C 0792 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| DOES 1-108, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Purzel Video GmbH ("Purzel") brings a three-count complaint for copyright infringement, contributory copyright infringement, and civil conspiracy against 108 unnamed "John Doe" defendants.[1] Purzel alleges that the Doe defendants used the BitTorrent software protocol to unlawfully transfer a copyrighted adult motion picture, to which Purzel holds the exclusive rights, in violation of the United States Copyright Act, 17 U.S.C. § 101, *et seq*. Purzel alleges that all of the defendants participated in the same BitTorrent "swarm" between August 2012 and January 2013.

Now before the court are numerous motions by the Doe defendants to quash the subpoenas issued by Purzel to their Internet Service Providers ("ISPs") and to sever and dismiss the individual Doe defendants from this action, as well as Purzel's motion to compel compliance with the nonparty subpoena issued to SBC Internet Services, LLC d/b/a AT&T Internet Services ("AT&T"). For the reasons explained below, the court rules as follows. The defendants'

---

[1] Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Purzel has voluntarily dismissed with prejudice Does 55, 78, 79, 85, 90, 91, 101, 102, and 106. Purzel has dismissed Does 1, 4-6, 9, 11, 12, 15, 16, 19, 22, 24-27, 30, 31, 34, 37, 38, 40-42, 64, 67, and 73-75 without prejudice.

motions to quash are denied, the motions to sever are denied without prejudice, and count III of the complaint (the civil conspiracy count) is dismissed. The defendants will be allowed to proceed anonymously in this litigation. Finally, Purzel's motion to compel AT&T's compliance with the subpoena is granted.

**I. BACKGROUND**

At the time the complaint was filed, the Doe defendants were known to Purzel only by the Internet Protocol ("IP") addresses assigned by their ISPs and by the date and time at which the alleged infringement was observed. Purzel alleges that each of the defendants reside in Illinois. Purzel has issued subpoenas to the ISPs seeking information sufficient to identify the subscriber associated with each IP address. At this early stage in the litigation, Purzel considers these subscribers to be the Doe defendants, although it acknowledges that they may prove not to be the actual infringers of Purzel's copyright.[2]

Some of the subscribers have been notified by their ISP that their information has been subpoenaed. A subset of this group has moved to quash the subpoena and/or requested that the court sever and dismiss them from this case. The following motions by Doe defendants are currently before the court:

- Motion to Quash, Sever, and Dismiss, and Motion to Proceed Anonymously [17] by Doe 56, based on improper joinder and Purzel's inability to identify the actual downloader of copyrighted material based on the identity of the subscriber. Doe 56 contends that s/he did not download the copyrighted film, that the subpoena is an improper attempt to extort a settlement, and that the complaint fails to state a claim of civil conspiracy.

- Motion to Quash, Sever, and Dismiss, and Motion to Proceed Anonymously [20] by Doe 103. Doe 103 raises the same arguments as Doe 56.

---

[2] In this order, the court also refers to Doe defendants and ISP subscribers interchangeably for simplicity's sake, but it recognizes that at least some of the subscribers may not be the proper defendants in this action.

- Motion to Quash, Sever, and Proceed Anonymously [23] by Doe 101, based on improper joinder and Purzel's inability to identify the actual downloader based on the identity of the subscriber.

- Motion to Quash and Sever [48] by Doe 48, based on improper joinder and the First Amendment's protection of anonymous speech and association.

Also before the court is Purzel's motion to compel AT&T to produce documents sought through a nonparty subpoena. According to Purzel, forty-one of the Doe defendants utilized AT&T as their ISP. Purzel issued a subpoena to AT&T on February 26, 2013, seeking the production of the subscribers' identities. After AT&T objected, Purzel issued a new subpoena on April 30, 2013. AT&T again objected to the subpoena, necessitating the motion to compel.

## II. THE DOE DEFENDANTS' MOTIONS

As an initial matter, Doe 101's motion [23] is denied as moot because Purzel has voluntarily dismissed Doe 101 from this action with prejudice. The issues raised in the remaining motions to quash and sever have been considered at length in the opinions of other courts in this district, and this court's discussion is therefore brief.

**A. The BitTorrent Software Protocol**

Purzel alleges that the Doe defendants each used the BitTorrent software protocol to download and distribute its copyrighted motion picture. Many fellow district courts have described the BitTorrent protocol in detail. *See, e.g.*, *TCKY, LLC v. Does 1-87*, No. 13 C 3845, 2013 WL 3465186 (N.D. Ill. July 10, 2013); *Malibu Media, LLC v. John Does 1-25*, No. 12 C 9655 (N.D. Ill. Apr. 24, 2013); *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191 (N.D. Ill. 2013); *Malibu Media, LLC v. Reynolds*, No. 12 C 6672, 2013 WL 870618 (N.D. Ill. Mar. 7, 2013). To summarize briefly, the BitTorrent protocol breaks up large digital files into smaller pieces. Participants in a BitTorrent file-sharing instance (a "swarm") download these individual pieces from other peer participants. When an individual piece has been downloaded, the protocol

permits a participant to make that piece available for peers to download. When a participant has downloaded copies of all of the pieces that made up the original file, the software assembles a copy of the file from the constituent pieces. After his or her own copy is assembled, the user may elect to leave the BitTorrent software running, which makes pieces of the file available for new peers to download. A BitTorrent user may leave the swarm at any time, before or after completing her download, ending her participation in both downloading and sharing. A user may also rejoin the swarm at a later time to complete her download or to continue sharing pieces with other peers. Thus, while a participant in the swarm is downloading the file, and possibly even afterwards, that participant may also be acting as a source for the download of portions of the file by other peers in the swarm. In this case, the complaint alleges that each of the Doe defendants participated in the same BitTorrent swarm to download and distribute Purzel's copyrighted motion picture.

**B. Motions to Quash**

The Doe defendants argue that the subpoena should be quashed because an IP address does not identify an individual infringing downloader, and because their privacy interests and First Amendment rights would be violated if their ISP provided their names and contact information to Purzel. The issues raised in the motions to quash have been addressed by this court in previous orders. *See, e.g.*, *Purzel Video GmbH v. Does 1-84*, No. 13 C 2501, 2013 WL 4478903 (N.D. Ill. Aug. 16, 2013); *Bicycle Peddler, LLC v. Does 1-99*, No. 13 C 2375, 2013 WL 4080196 (N.D. Ill. Aug. 13, 2013).

Federal Rule of Civil Procedure 45(a) allows the issuance of subpoenas to produce documents in a person or entity's custody or control. The rule requires a court to quash or modify a subpoena if it: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply

beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter . . . ; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The party moving to quash bears the burden of showing that the subpoena falls into one of these impermissible categories. *Pac. Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 193 (N.D. Ill. 2012) (citing *Williams v. Blagojevich*, No. 05 C 4673, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008)). In assessing whether a subpoena imposes an undue burden, the court considers whether the "burden of compliance with it would exceed the benefit of production of the material sought." *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004).

A plaintiff alleging copyright infringement is entitled to the information sought through the subpoenas, and the subpoenas impose no undue burden on the Doe defendant, who is not the party who must comply with the subpoena. *See, e.g.*, *Malibu Media, LLC v. Reynolds*, 2013 WL 870618, at *6. Several Doe defendants argue that the subpoena should be quashed because they did not download the movie in question, and someone else could have used their IP address to do so. But the fact that the customer associated with the IP address may not be the actual infringer is not a basis to quash the subpoena. As Judge Gettleman recently explained in *reFX Audio Software*,

> [E]ven if defendants have standing, there is no merit to the challenge to the subpoenas. [The] argument that the subpoena should be quashed because the information sought will not itself identify the actual infringer demonstrates a lack of understanding of the basic scope of discovery under the federal rules. "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). . . . Even if the customer associated with the IP address is not necessarily the person who illegally download[ed] plaintiff's software, the customer's name is the first step in identifying the proper defendant.

5

*reFX Audio Software, Inc. v. Does 1-111*, No. 13 C 1795, 2013 WL 3867656, at *2 (N.D. Ill. July 23, 2013).

Doe 48 further argues that the subpoena should be quashed because the First Amendment protects his or her right to engage in anonymous speech on the internet. But the court finds that the Doe defendants' right to anonymous speech does not outweigh Purzel's interest in protecting its copyright. Although the defendants do have a right to express themselves anonymously on the internet, those speech rights are limited and are outweighed by Purzel's need for the subpoenaed information. In *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 248-49 (N.D. Ill. 2011), Judge Castillo rejected an argument similar to that raised here, explaining that the plaintiff copyright holder had made "a concrete showing of a prima facie claim of actionable harm" by alleging the infringement of its valid copyright, had specifically requested information likely to allow it to identify the defendants, and had no other way to identify the infringers. *Id.* (citing *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)). Furthermore, the Doe defendants' expectation of privacy was limited because they had provided their subscriber information to their ISPs. *Id.* at 249.

The other arguments offered by the Doe defendants in support of their motions to quash the subpoena essentially amount to a denial of liability—they contend that they were not the infringing parties. Such arguments go to the merits of the action and are "not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit." *Hard Drive Prods. v. Does 1-48*, No. 11 C 9062, 2012 WL 2196038, at *4 (N.D. Ill. June 14, 2012).

Because the subpoenas will yield information relevant to Purzel's claims, and because the requirements of Rule 45 are satisfied, the court denies the motions to quash. The court will,

however, modify the subpoena to the extent they command information other than the names and geographic addresses of the Doe defendants. The defendants' telephone numbers and email addresses need not be provided. The court will also require Purzel to refrain from publishing the Doe defendants' identities without further leave of the court, as Does 56 and 103 request in their motions. Numerous courts have deemed it prudent to allow defendants to proceed by pseudonym during preliminary stages of copyright infringement proceedings, given the "substantial possibility that the names turned over by ISPs will not accurately identify the individuals who actually downloaded or shared the copyrighted material." *TCYK, LLC v. Does 1-87*, 2013 WL 3465186, at *4. Accordingly, Purzel must identify the defendants in all filings with the court only by Doe number or IP address. Furthermore, any communication by Purzel to a defendant suggesting that the defendant can or will be named in this action shall constitute a violation of this court's order and grounds for dismissal of the action against that defendant pursuant to Federal Rule of Civil Procedure 41(b).

## C. Permissive Joinder (Rule 20)

The Doe defendants also argue that it is inappropriate to join, in a single suit, many anonymous defendants who have allegedly participated in the same BitTorrent swarm. Under Federal Rule of Civil Procedure 20(a)(2), persons may be joined "in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Joinder is strongly encouraged. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The Doe defendants argue, however, that the requirements for joinder pursuant to Rule 20(a)(2) are not

satisfied because they did not participate in the same transaction or series of transactions, nor do their cases share common questions of law or fact.

District courts across the nation are split as to whether and when participation in BitTorrent swarm can constitute a "transaction, occurrence, or series of transactions or occurrences" under Rule 20. Some district courts have held that alleging any participation by defendants in the same BitTorrent swarm is enough to satisfy the requirement that the claims arise out of a "series of transactions or occurrences." Other courts have held that proper joinder depends upon allegations that defendants were present in the same swarm at the same time, participated in a swarm in close temporal proximity, or shared data directly with each other. *See Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. at 203 (collecting cases).

This court is persuaded by Judge Castillo's opinion in *Malibu Media, LLC v. John Does 1-6*, which reasons that all that Rule 20 requires "is a logical relationship between the separate causes of action," not a precondition of acting "in concert" or "temporal distance or temporal overlap." *Id.* at 204. Judge Castillo noted that in BitTorrent cases, "[t]he shared operative facts are not solely that each Doe Defendant used BitTorrent, but that 'each Doe Defendant downloaded the same Torrent file that was created by the same initial seeder, intending to: 1) utilize other users' computers to download pieces of the same [copyrighted works], and 2) allow his . . . own computer to be used in the infringement by other peers and Defendants in the same swarm.'" *Id.* at 202 (quoting *Patrick Collins, Inc. v. Does 1-21*, 282 F.R.D. 161, 165 (E.D. Mich. 2012)). Similarly, Judge Tharp has emphasized that "BitTorrent requires a cooperative endeavor among those who use the protocol. Every member of a swarm joins that cooperative endeavor knowing that, in addition to downloading the file, they will also facilitate the distribution of that identical file to all other members of the swarm." *TCYK, LLC v. John Does*

*1-87*, 2013 WL 3465186, at *4. The court agrees with Judges Castillo and Tharp that "'it is difficult to see how the sharing and downloading activity alleged in the Complaint—a series of individuals connecting either directly with each other or as part of a chain or 'swarm' of connectivity designed to illegally copy and share the exact same copyrighted file—could not constitute a 'series of transactions or occurrences' for purposes of Rule 20(a).'" *Id.* (quoting *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 244 (S.D.N.Y. 2012)). *See also Bicycle Peddler, LLC v. Does 1-12*, No. 13 C 2372, 2013 WL 3455849, at *3-4 (N.D. Ill. July 9, 2013).

The complaint in this case alleges that the Doe defendants interacted with one another indirectly through participation in the same BitTorrent swarm. The copy of the motion picture that each defendant allegedly downloaded came from the same source or seed file. Based on these allegations, the claims against the defendants arise out of the same transaction or occurrence for the purposes of Rule 20(a).

Furthermore, Rule 20(a)(2)(B)'s requirement that the claims involve shared questions of law or fact common to all the defendants is also satisfied. Purzel has asserted the same claim against all of the Doe defendants. The claims against each defendant rest on the question of whether transferring the motion picture through a BitTorrent swarm infringed upon Purzel's copyright, in violation of the Copyright Act. *See Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. at 205.

**D. Discretionary Severance (Rule 21)**

Even though Purzel has satisfied the requirements for permissive joinder under Rule 20(a), the court has broad discretion to sever a party at any time. *See Sunlust Pictures, LLC v. Does 1-75*, No. 12 C 1546, 2012 WL 3717768, at *3 (N.D. Ill. Aug. 27, 2012). Federal Rule of Civil Procedure 21 provides that, "[o]n motion or on its own, the court may at any time, on just

terms, add or drop a party. The court may also sever any claim against a party." Rule 21 gives the court discretion to sever any claim and proceed with it separately if doing so will increase judicial economy and avoid prejudice to the litigants. *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985).

The motions to quash and sever demonstrate that the defendants may have individualized legal and factual defenses. Other courts have expressed concern that joinder of large numbers of defendants in BitTorrent-related copyright infringement lawsuits will impede just, speedy, and inexpensive resolution of the cases. *See, e.g.*, *Malibu Media, LLC. v. Reynolds*, 2013 WL 870618, at *14 (noting that "each defendant is likely to assert a unique defense"); *Third Degree Films v. Does 1-47*, 286 F.R.D. 188, 196 (D. Mass. 2012) ("The Court simply cannot see how it 'promote[s] trial convenience' to hold forty-seven mini-trials and ask one jury to make findings as to each of them."); *Patrick Collins, Inc. v. Does 1-38*, No. 12–10756–NMG, 2013 WL 1175245, at *11 (D. Mass. Mar. 19, 2013) (finding that joinder would create "significant logistical difficulties" where 34 Doe defendants remained). The court also notes that the Local Rules of the Central District of California state that a complaint may include no more than ten "Doe or fictitiously named parties." C.D. Cal. L.R. 19-1.

At this stage in the proceedings, however, these concerns are largely hypothetical. In the court's experience with similar cases, logistical nightmares have yet to arise. Indeed, at least at the early stages of the proceedings, the defendants have raised similar legal arguments, and addressing these in the context of one suit has streamlined the court's work. Severing the defendants would require the court to address the same factual and legal issues in multiple cases. *See Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. at 205. Joinder is encouraged, *Gibbs*, 383 U.S. at 724, and joinder at this stage of the litigation is more efficient than requiring Purzel to

file many separate cases in order to obtain the discovery required to identify those responsible for downloading and distributing its motion picture. Moreover, although the court acknowledges that naming large numbers of Doe defendants in a single action deprives the federal courts of filing fees, the Northern District of Illinois has yet to adopt a Local Rule, like that adopted by the Central District of California, limiting the number of Doe defendants in a single action.

The court therefore denies, without prejudice, the Doe defendants' motions to sever and dismiss. This ruling does not foreclose a future challenge to joinder by Doe defendants who have been identified and served. *See id.* ("At this stage of the litigation, it appears that joinder will be manageable. . . . If joinder becomes unwieldy at a later stage of the litigation, however, the Court may sever . . . pursuant to Federal Rule of Civil Procedure 21.").

### III. THE CONSPIRACY CLAIM

In count III of the complaint, Purzel brings a common-law claim of civil conspiracy based upon the underlying act of copyright infringement. Does 56 and 103 argue that Purzel has not pleaded the required elements of a civil conspiracy claim. The court construes their motions as motions to dismiss count III pursuant to Federal Rule of Civil Procedure 12(b)(6).

The complaint does not specify whether the civil conspiracy claim is brought pursuant to Illinois or federal law, but the court interprets it as a state law claim, as Illinois recognizes a common-law cause of action for civil conspiracy. In Illinois, a civil conspiracy is defined as "'a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means.'" *McClure v. Owens Corning Fiberglas Corp.*, 720 N.E.2d 242, 258 (Ill. 1999) (quoting *Buckner v. Atl. Plant Maint., Inc.*, 694 N.E.2d 565, 571 (Ill. 1998)). A plaintiff must allege facts establishing both (1) an agreement to accomplish such a goal and (2) a tortious act committed in furtherance of that agreement. *Id*.

11

Here, Does 56 and 103 contend that Purzel has failed to plead the existence of any agreement between the Doe defendants.

The court need not decide whether the complaint adequately alleges an agreement. Even assuming that the pleading is adequate in that respect, the civil conspiracy claim is not viable. The Copyright Act preempts "all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). In this case, the act alleged to be in furtherance of the alleged conspiracy is copyright infringement. The civil conspiracy claim in count III seeks to vindicate the same rights as the direct copyright infringement claim in count I and the contributory copyright infringement claim in count II.

Because a state-law civil conspiracy claim for copyright infringement is not qualitatively different from a federal copyright infringement claim, it is preempted by the Copyright Act. *See Do It Best Corp. v. Passport Software, Inc.*, No. 01 C 7674, 2005 WL 743083, at *14 (N.D. Ill. Mar. 31, 2005); *Higher Gear Grp., Inc. v. Rockenbach Chevrolet Sales, Inc.*, 223 F. Supp. 2d 953, 956, 960 (N.D. Ill. 2002) (dismissing civil conspiracy claim as preempted by the Copyright Act); *cf. Stereo Optical Co. v. Judy*, No. 08 C 2512, 2008 WL 4185689, at *5 (N.D. Ill. Sept. 8, 2008) (allowing a civil conspiracy claim to proceed only as to claims distinct from a copyright infringement cause of action). *See also Two Palms Software, Inc. v. Worldwide Freight Mgmt., LLC*, 780 F. Supp. 2d 916, 922 (E.D. Mo. 2011) ("[T]he majority of courts that have considered this issue have held that civil conspiracy claims are preempted under the Copyright Act."). The court therefore dismisses count III of the complaint.

### IV. MOTION TO COMPEL AT&T'S COMPLIANCE WITH THE SUBPOENA

AT&T has filed an opposition to Purzel's motion to compel its compliance with the subpoena. AT&T presents two general lines of argument. First, it essentially repeats the Doe

defendants' arguments that joinder of multiple Doe defendants in the same suit, solely on the basis of their participation in the same BitTorrent swarm, is improper under Rule 20, and that the identification of the defendants by their IP addresses is too imprecise and threatens the interests of innocent subscribers. The court has addressed the joinder argument above, with respect to the motions to quash and sever brought by the Doe defendants, and it adheres to that reasoning. The court recognizes that many district courts have come to a contrary conclusion on the issues of joinder and severance, and it reiterates that the denial of the motions to sever is without prejudice, should problems of case manageability become real and not simply hypothetical.

As to the possible lack of identity between the IP subscriber and the alleged infringer, the information sought through the subpoena is relevant to Purzel's claims, as it is a necessary step to identifying the proper defendants. Federal Rule of Civil Procedure 26(b)(1) allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to the claim or defense of any party—including the . . . identity and location of persons who know of any discoverable matter." The information sought need not be admissible as long as it "appears reasonably calculated to lead to the discovery of admissible information." Fed. R. Civ. P. 26(b)(1). Here, the subscriber's identity is necessary in order for Purzel to identify the person who has allegedly infringed its copyright, and there is no less burdensome approach to obtaining that information than to subpoena it from the ISP. *See, e.g.*, *Malibu Media v. John Does 1-49*, No. 12 C 6676, 2013 WL 4501443, at *2 (N.D. Ill. Aug. 22, 2013) (Dow, J.) ("It is not a wild assumption on Plaintiff's part that the subscriber may be the alleged infringer or may lead to the alleged infringer. Without connecting the IP address to a person, Plaintiff would have no way of prosecuting infringement of its claimed copyright.").

AT&T also emphasizes, as the individual defendants have, the potential for coercive tactics on Purzel's part that might extract settlements from innocent parties, especially given the subject-matter of the copyrighted material at issue in this case. AT&T points out that Purzel has sent letters to Doe defendants in other cases threatening to name them publicly if they do not satisfy Purzel's settlement demands. The court expects, however, that by allowing the defendants to proceed anonymously in this action and limiting the information provided by AT&T to subscribers' names and geographical addresses, that coercion will be limited, and defendants will be more likely to present any potentially meritorious defenses they may have. As previously stated, should Purzel threaten to name a defendant publicly, the court will dismiss the action against that defendant as a sanction for the violation of the court's order.

AT&T further argues that the subpoena places an undue burden on it, and should be denied pursuant to Federal Rule of Civil Procedure 45. As stated above, Rule 45 provides that the court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter . . . ; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The court must determine whether the "burden of compliance with it would exceed the benefit of production of the material sought." *Nw. Mem'l Hosp.*, 362 F.3d at 927.

> AT&T argues that it is unduly burdened by the subpoena for the following reasons:
>
> The process of performing an IP lookup can be complicated and time-intensive, especially when concerns for accuracy and quality control measures are taken into account. And the IP lookup process is only one step. In these cases, the lookup would typically be followed by notices to subscribers, responding to subscriber inquiries, monitoring the responses and various deadlines, and monitoring the progress and outcome of motions in various courts. And all of this is for naught if the allegations, joinder of multiple defendants, or other fundamental aspects of the underlying lawsuit or the discovery sought are found to be insufficient and/or

> improper. The handling of subpoenas is even more burdensome in connection with the often-careless, increasingly unsuccessful, "factory" approach to litigation and subpoenas pursued by Plaintiff and its attorneys here.

(Opp. to Mot. to Compel 11, ECF No. 63-1 (emphasis in original).) AT&T also complains that Purzel has issued improper subpoenas and reissued or withdrawn subpoenas, and otherwise conducted its litigation in a sloppy fashion. (*Id.* at 11 n.14.)

Obviously, responding to a subpoena seeking information for dozens of subscribers is more difficult than satisfying a subpoena for a single subscriber. But it is not clear to the court that responding to a multiple-subscriber subpoena is actually more burdensome than responding to dozens of individual subpoenas, which is what AT&T would be required to do were the court to require Purzel to pursue claims against the Doe defendants individually. Furthermore, to the extent that looking up subscriber information and responding to subscriber inquiries is costly to AT&T, Purzel has pointed out that in similar cases, AT&T has charged Purzel a fee per subscriber look-up, which presumably offsets at least some of that expense. (*See* Mot. to Compel Ex. G (Nov. 30, 2012 letter), ECF No. 45-7.)

AT&T also argues that Purzel has not established good cause for the discovery sought. In fact this appears to be the crux of AT&T's argument: that "*any burden whatsoever*" is "undue" because of the nature of this litigation. (*Id.* at 11 (emphasis in original).) The court disagrees. As explained above, the information sought by Purzel is relevant and discoverable under Rule 26. In fact, it is essential to Purzel's case. *See reFX Audio Software Inc. v. Does 1-141*, No. 13-cv-940, 2013 WL 5835704, at *2 (N.D. Ill. Oct. 28, 2013) (Bucklo, J.) ("I find that the link between the copyrighted material and the alleged infringement is sufficient to withstand a good cause attack.").

Two courts in this district have denied motions to compel AT&T's compliance with similar subpoenas.[3] One court denied the motion because it concluded that joinder was improper. *See id.* For the reasons set out above, this court has reached a different conclusion on that issue. The other court denied the motion because it found that the subpoena placed an undue burden on AT&T. *reFX Audio Software Inc. v. Does 1-115*, Order Dec. 12, 2013, at 2, No. 13 C 1794 (N.D. Ill.) (Darrah, J.) ("AT&T has persuasively demonstrated the burden of accurately identifying the subscriber information for numerous unnamed defendants as well as monitoring the responses to the subpoena, including whether subscribers file motions to oppose the subpoena."). But the order considered only the burden responding to the subpoena imposed on AT&T; it did not address the plaintiff's need for the information sought through the subpoena.

Under Seventh Circuit case law, the court cannot consider only AT&T's burden. It must weigh the relevant interests and hardships of both parties. *Nw. Mem'l Hosp.*, 362 F.3d at 928. Here, given that Purzel simply cannot proceed with its claims against alleged infringers without information identifying AT&T's subscribers, the balance tilts in favor of granting the motion to compel AT&T's compliance with the subpoena. As previously stated, the subpoena is modified so as to require AT&T to provide only the subscriber's name and geographical address, and Purzel may not threaten to publicly name the subscriber should the subscriber fail to agree to a quick settlement of Purzel's claim.

AT&T requests, in the alternative, that the court certify the issues presented in Purzel's motion to compel for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b). Section 1292(b) states that when a district court judge believes that an order for an interlocutory appeal involves a controlling question of law, regarding which there is a substantial ground for difference of

---

[3]  Similar motions to compel are currently pending in at least two other cases in this district.

opinion, and that an immediate appeal from the order could materially advance the ultimate termination of the litigation, the district judge may certify the request for an appeal. The appellate court may then permit the appeal at its discretion. *See* 28 U.S.C. § 1292(b).

The court declines to certify the motion to compel for an interlocutory appeal for several reasons. First, although district courts have differed strongly in their approaches to BitTorrent litigation, whether to require a party to comply with a subpoena is committed to the discretion of the district judge. *Nw. Mem'l Hosp.*, 362 F.3d at 928. Second, the controlling questions at issue here are not "pure" questions of law, which "the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz v. Bd. Of Trs.*, 219 F.3d 674, 676-77 (7th Cir. 2000). Rather, they are highly fact-dependent. And finally, an immediate appeal will not materially advance the termination of the litigation. It would instead cause considerable delay. In sum, the court does not believe that exceptional circumstances exist that would justify an interlocutory appeal in this case.

## V. PURZEL'S NOTICE OF AFFILIATES

The Northern District of Illinois' Local Rule 3.2 requires "[a]ny nongovernmental party, other than an individual or sole proprietorship," to "file a statement identifying all its publicly held affiliates." L.R. 3.2 (N.D. Ill.) "Affiliates" is defined, for the purposes of the rule as "any member" when the party is a "general partnership, joint venture, LLC, LLLP, or LLP." *Id.* This notice of affiliates must be filed "with the complaint or answer, or upon filing a motion, response, or petition, whichever occurs first." *Id.*

On January 31, 2013, Purzel filed along with its complaint "Plaintiff's Corporate Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1 and Northern District of Illinois Local Rule 3.2." (ECF No. 3.) In this filing, Purzel advised the court only that "Purzel

17

Video GmbH is not the subsidiary of any parent corporation, nor does any corporation hold 5% or more of Plaintiff's stock." (*Id.*)

This notice was improper. A GmbH is a German LLC. Local Rule 3.2 is clear that in the case of LLCs, affiliates include "any member." A proper notice of affiliates for an LLC should disclose any member of the company. *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. at 208. Purzel must file an amended notice of affiliates that identifies its members.

### VI. CONCLUSION

The court resolves the motions pending in this case as follows. The motion to quash brought by Doe 101 is denied as moot. The remaining Doe defendants' motions to quash are denied. The Doe defendants' motions to sever are denied without prejudice. Count III of the complaint is dismissed. Purzel's motion to compel AT&T's compliance with the subpoena is granted, and the court denies AT&T's request to certify the issues presented for immediate appeal. The subpoenas issued to the ISPs are modified to command production only of the Doe defendants' names and geographic addresses. For the time being, the defendants may proceed anonymously in this litigation, and Purzel shall not publish the Doe defendants' identities without further leave of the court; it must identify them only by IP address or Doe number in any filing with the court. Finally, Purzel is ordered to file an amended notice of affiliates that identifies its members, in compliance with Local Rule 3.2, within fourteen days of this order.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: December 19, 2013